**Alison M. Clark, OSB No. 080579**
**333 SW Taylor St, Suite 300**
**Portland, OR  97204**
**Tel: (503) 888-8076**
**Email: tex@defenderclark.com**
**Attorney for Defendant**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Case No. 3:26-cr-00127-AR** |
| **Plaintiff,** | **DEFENDANT'S SENTENCING MEMORANDUM** |
| **v.** | |
| **MELANIE BREEANNE RIVAS,** | |
| **Defendant.** | |

Ms. Rivas, through counsel Alison M. Clark, submits this Memorandum for the Court's review and consideration. Ms. Rivas's sentencing hearing is scheduled for July 16, 2026. Ms. Rivas previously pleaded guilty to Count 1 of the Information, alleging that she operated her vehicle in a manner constituting a non-contact misdemeanor offense for assaulting a federal officer in violation of 18 U.S.C. § 111(a)(1). ECF 25.

Determining a reasonable sentence involves limiting the judgment to what is "sufficient, but not greater than necessary," as required by 18 U.S.C. § 3553(a). If this Court determines that a supervised release term is necessary, any discretionary supervision conditions must be individualized to Ms. Rivas's matter, may not be punitive and may not involve a "greater

**Page 1 - Defense Sentencing Memorandum**

deprivation of liberty than is reasonably necessary." 18 U.S.C. § 3583(d)(1)-(3). The pertinent policy statement on whether supervision should be imposed is found at USSG § 5D1.3(b)(1).  It involves a new November 1, 2025, sentencing guideline amendment (Amendment 835), directing courts to conduct an individualized assessment to determine "what, if any, other conditions of supervised release are warranted." Id. The commentary advises that supervision conditions other than what is mandatory may be imposed "only to the extent such conditions meet the requirements of § 3583(d)."

Ms. Rivas, the United States Probation Office (USPO), and the government agree that the applicable advisory guideline calculations yield a low-end sentence of zero months incarceration and all three jointly recommend a sentence at the low end of that range. A one-year term of supervised release was also recommended in the Presentence Report (PSR) and by the government in the plea agreement. ECF 32. The plea agreement also provides that Ms. Rivas may request any lawful sentence.

Ms. Rivas has reviewed the PSR with defense counsel and has unresolved objections as provided in the confidential defense supplement to the PSR.

Having been incarcerated over the course of two days following arrest, further imprisonment is not necessary under these facts to accomplish the other goals of § 3553(a).  Ms. Rivas respectfully requests that this Court impose a sentence of time served, with credit for the two days already served; the $25 special assessment; and if deemed strictly necessary, a one-year term of supervised release subject to (1) the mandatory conditions of 18 U.S.C. § 3583(d), with

**Page 2 - Defense Sentencing Memorandum**

the drug-testing requirement suspended based on her low risk of future substance abuse, (2) the

agreed condition of avoiding the area around the ICE building, and (3) no other conditions.

Respectfully submitted on July 9, 2026.

*/s/ Alison M. Clark*

Alison M. Clark
Attorney for Defendant

**Page 3 - Defense Sentencing Memorandum**